# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ACCIONA WINDPOWER NORTH AMERICA, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF WEST BRANCH, <br><br> Defendant. | No. C14-0033 <br><br> RULING ON MOTION FOR SANCTIONS |

This matter comes before the Court on the Motion for Sanctions (docket number 57) filed by Defendant City of West Branch ("the City") on October 2, 2015, the Resistance (docket number 60) filed by Plaintiff Acciona Windpower North America, LLC ("Acciona") on October 8, and the Reply (docket number 64) filed by the City on October 15. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

The Final Pretrial Order in this case identifies 11 joint trial exhibits. The City does not object to the admission of Exhibits 1, 7, and 8. The City objects, however, to the admission of Exhibits 2-6 and 9-11. In its motion for sanctions, the City argues the exhibits were not timely disclosed. The City asks the Court to dismiss Acciona's remaining claims or, alternatively, prohibit the introduction of exhibits which were not timely made available for inspection by the City.

Joint Exhibits 2-6 consist of documents relating to a tax rebate to Acciona for fiscal years 2010-2014. The City paid rebates to Acciona during the first three years, but did not pay a rebate during the latter two years. The exhibits consist of a certification by the City Clerk regarding TIF indebtedness, City Council meeting minutes, resolutions passed by the City Council, and Acciona's tax bill from Cedar County. The City complains that

the tax bill from Cedar County "had never before been produced and was not created or maintained by the City." The Court finds no surprise or prejudice to the City. Having carefully reviewed the parties' briefs and the cited authorities, the Court concludes the City's motion for sanctions regarding joint Exhibits 2-6 should be denied.

The City also objects to joint Exhibits 9-11. In response, Acciona asserts that these are merely demonstrative exhibits, and it was not required to produce them pre-trial. In reply, the City notes that "[t]he charts or summaries and any assumption that they make must be based upon evidence in the record." *See United States v. Johnson*, 362 F. Supp. 2d 1043, 1059 (N.D. Iowa 2005) (quoting *United States v. Lewis*, 759 F.2d 1316, 1329 (8th Cir. 1985)). In *Johnson*, Judge Bennett distinguished between "summary" exhibits authorized by FED. R. CIV. P. 1006 and "demonstrative" exhibits permitted under the "virtually unfettered discretion" given to the district court. *Id.* (quoting *United States v. Crockett*, 49 F.3d 1357, 1362 (8th Cir. 1995)).

Here, the case is being tried to the Court, rather than to a jury. Accordingly, in a post-trial brief, Plaintiff would be permitted to comment on evidence that was introduced during the course of the trial. Such argument may include the types of spreadsheets, calculations, and timelines reflected in joint Exhibits 9-11. However, in any post-trial argument, a party cannot refer to facts which were not introduced into evidence at the time of trial. Accordingly, to the extent Exhibits 9-11 summarize facts which are admitted at trial, then they will be admitted. If the "demonstrative" exhibits are not reflective of the record, however, then they will be inadmissible.

The City also objects to Acciona calling Mark Nolte as a witness at trial. Nolte is identified by Acciona in the Final Pretrial Order as a rebuttal witness. According to the Final Pretrial Order, Nolte would testify "regarding the TIF certification and appropriation process and the specific interaction between himself, Acciona and the City of West Branch related to the Acciona TIF." In its resistance to the motion for sanctions, Acciona states

that it anticipates Matt Muckler, the City Administrator, will testify regarding the process for certifying TIF debt and the appropriation process for TIF rebates. "Acciona identified Mr. Nolte as another witness in the event Mr. Muckler does not provide the anticipated testimony."[1] That is, Acciona "primarily" intends to use Nolte as a rebuttal witness.

It is the Court's understanding that Nolte had "specific interaction between himself, Acciona and the City of West Branch related to the Acciona TIF." To the extent his testimony rebuts testimony offered by the City, Nolte will be permitted to testify as a rebuttal fact witness. It appears, however, that Acciona intends to elicit testimony from Nolte "regarding the TIF certification and appropriation process" generally. Nolte was not identified as an expert witness under FEDERAL RULE OF EVIDENCE 702, but Acciona argues that he is permitted to give an opinion as a lay witness under RULE 701, citing *United States v. Hawley*, 562 F. Supp. 2d 1017, 1030 (N.D. Iowa 2008). There, the Court noted that if the witness' testimony "involves opinions based on scientific, technical, or other specialized knowledge, rather than first hand personal knowledge, it would trespass into the zone of 'expert' testimony for which he has not been designated." *Id.* at 1030. However, to the extent that the witness' opinions comply with RULE 701, "they may be permissible lay opinions." *Id.*

"Determining whether a witness is offering an expert or lay opinion requires a case-by-case analysis of both the witness and the witness's opinion." *United States v. STABL, Inc.*, 800 F.3d 476, 486 (8th Cir. 2015). "Although lay witnesses may not testify about scientific knowledge within the scope of FEDERAL RULE OF EVIDENCE 702, 'perceptions based on *industry experience* are a sufficient foundation for lay opinion testimony.'" *Id.* (italics in original). In *STABL*, the Court concluded the district court did not abuse its

---

[1] Acciona's Resistance (docket number 60) at 12.

discretion in permitting testimony which was "primarily related to Marshall's industry experience as an EPA compliance officer rather than expert knowledge." *Id.* at 487.

The Eighth Circuit Court of Appeals summarized the admissibility of opinion testimony by lay witnesses as follows:

> "RULE 701 provides that if a witness is not testifying as an expert, then any testimony by the witness expressing his or her opinion or inferences is limited to those that are rationally based on the witness's perception and helpful to understanding the witness's testimony or determining a fact in issue." "Personal knowledge or perceptions based on experience" is sufficient foundation for lay testimony. "Perceptions based on industry experience are a sufficient foundation for lay opinion testimony." However, a lay witnesses's opinion must not be based on "scientific, technical, or other specialized knowledge within the scope of RULE 702." This inquiry requires a case-by-case analysis of both the witness and the witnesses's opinion.

*United States v. Smith*, 591 F.3d 974, 982-83 (8th Cir. 2010) (all citations omitted).

Nolte's knowledge and experience in this area, if any, are unknown to the Court. Furthermore, it is not clear what testimony, if any, Acciona will attempt to elicit from Nolte as a rebuttal witness. Nolte will *not* be permitted to testify as an expert pursuant to RULE 702. Whether or not Nolte will be permitted to offer RULE 701 lay opinion testimony will be determined at trial.

## ORDER

IT IS THEREFORE ORDERED that the Motion for Sanctions (docket number 57) filed by the City is **GRANTED in part** and **DENIED in part** as set forth above.

DATED this 16th day of October, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA